IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT JOSEPH COLLOPY, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 18-10-E
)
NANCY A. BERRYHILL )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 26th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: failing to give adequate weight to the medical opinion evidence provided by Plaintiff's treating physician in

formulating Plaintiff's residual functional capacity assessment ("RFC"); failing to evaluate properly Plaintiff's subjective complaints; and failing to rely on a particular medical opinion in formulating his RFC. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion evidence provided by treating physician William R. Getson, M.D. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ sufficiently explained his reasons for giving Dr. Getson's opinion less than controlling weight in his analysis. The ALJ did not fail to provide sufficient reasons for discounting Dr. Getson's opinion, nor did he simply substitute his own lay analysis for the judgment of Dr. Getson in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Getson's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 404.1527.

In fact, the ALJ explained the weight that he was giving to Dr. Getson's opinion only after engaging in an extensive discussion of the evidence of record, including Plaintiff's treatment records and other objective medical evidence, his reported symptoms, and discussion of his activities of daily living. (R. 19-22). Specifically, Dr. Getson opined on August 25, 2016 that Plaintiff had lumbar conditions that would have existed prior to September 30, 2013, and that such conditions would have limited him to performing only light work on or before that date. (R. 308-09). After careful consideration however, the ALJ decided to afford that opinion little weight. (R. 22). The ALJ explained that, while it was certainly reasonable to find that Plaintiff had some spinal degeneration before the date last insured, it simply did not appear to be symptomatic prior to that time, as shown by treatment notes from various health care providers. (R. 22). The ALJ then referred to various specific portions of the record to support his reasoning, including Dr. Getson's own contemporaneous treatment notes, notes from Arthritis

Associates, and notes from chiropractor Dr. John Amy, all of which he discussed carefully in his decision. (R. 22).

For example, the ALJ noted that only a single treatment note existed from Dr. Getson from the relevant period at issue here, which is the limited period from the alleged onset date, August 8, 2012, through Plaintiff's date last insured, September 30, 2013. (R. 210-13). He further explained that the note showed Plaintiff returning to Edinboro Medical Center to see Dr. Getson after seven years to reestablish treatment for unrelated complaints of heartburn and throat pain, and that, while lower back pain was noted in his past medical history, Plaintiff denied musculoskeletal issues and a physical examination showed no abnormalities at that time. (R. 20-21). The ALJ also noted that Plaintiff's chiropractic records with Dr. Amy, dated August 12, 2014, specifically referenced complaints of back pain, but also listed the onset date for that issue as May 12, 2014, long after the end of the relevant period. (R. 21, 257). Furthermore, the ALJ explained that Plaintiff had voiced complaints to Arthritis Associates on October 14, 2014, noting mechanical low back pain "more recently." (R. 21, 329-30). That record noted the occurrence of such pain over the past couple of years, and the ALJ went on to summarize the record in detail, including that Plaintiff showed no signs of acute distress, and that he was advised to take glucosamine/chondroitin for symptom control. (R. 21, 330). Moreover, the ALJ summarized Plaintiff's later treatment records in his decision as well, explaining that some sporadic complaints of pain were made by Plaintiff to Dr. Getson throughout 2014 and again in 2016, again long after the end of the relevant period (although those records also showed largely normal findings, aside from some tenderness on palpation of the lumbosacral spine and knee pain). (R. 21). Thus, the Court finds that the ALJ thoroughly discussed the medical evidence of record and reasonably concluded that it did not support the limitations that Dr. Getson found to have existed during the relevant period.

Additionally, the ALJ noted in his decision that he afforded some weight to state agency physician Margel Guie, D.O., who had opined that there was not enough evidence to establish any impairment prior to the date last insured. (R. 22, 60). Nevertheless, the ALJ concluded that the limited evidence at the initial level, along with the hearing level evidence, indeed supported a finding of severe musculoskeletal conditions before the alleged onset date. (R. 22). The ALJ also noted that the fact that Plaintiff stopped performing heavy to very heavy construction work prior to the alleged onset date further supported a finding that his degenerative disc disease and osteoarthritis imposed pain symptoms and functional limitations to limit him to medium work during that time. (R. 22). Nevertheless, the ALJ concluded that the evidence simply did not show that such conditions became symptomatic enough to limit Plaintiff to light work or less until at least May, 2014—and thus, not until after the relevant period in this case. (R. 22).

Therefore, the Court concludes that the ALJ sufficiently considered the evidence of record in evaluating the opinion of Dr. Getson. Moreover, the Court notes that Plaintiff points to no evidence showing that Plaintiff had functional limitations during the relevant period that the ALJ overlooked in his analysis. Thus, the Court finds that the ALJ did not err in giving Dr. Getson's opinion little weight in this case.

Second, Plaintiff asserts that the ALJ also erred in evaluating his subjective complaints. In support of this contention, Plaintiff argues, in essence, that the ALJ failed to consider properly his complaints and that the ALJ should have found that the severity of his symptoms was supported by the objective medical evidence as well as by his activities of daily living. The Court finds, however, that the ALJ did in fact properly address the medical evidence and Plaintiff's activities of daily living, and that the ALJ adequately considered Plaintiff's subjective complaints in forming Plaintiff's RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 404.1529(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. § 404.1529(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. § 404.1529(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical records and subjective complaints in connection with his alleged impairments, the ALJ simply found that such evidence did not fully support the limitations he alleges.

More specifically, Plaintiff claims that the ALJ erred in discounting his testimony for improper reasons, including relying on his activities of daily living. However, in formulating Plaintiff's RFC, the Court finds that the ALJ properly considered Plaintiff's activities of daily living, which were quite extensive, and included residing independently, keeping a tidy home, doing his laundry, shopping in stores, driving, spending time with his girlfriend, and taking care of his dog. (R. 20). Plaintiff also contends that the ALJ unfairly relied on his treatment notes discussed, supra, but as discussed, the Court does not find that the ALJ mischaracterized such evidence in his discussion. Moreover, the ALJ did in fact find that Plaintiff has certain severe impairments, namely, lumbar degenerative disc disease and osteoarthritis of the right knee and hands, and that those impairments caused him to have certain limitations. (R. 17, 19). However, upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support limitations to the extent that Plaintiff alleges.

Thus, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence dating from on or before the date last insured" for the reasons he provided in his decision. (R. 20). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely consistent with the evidence of record.

Finally, Plaintiff argues, in essence, that his RFC is not based on substantial evidence because the ALJ did not rely on a specific medical opinion in making his assessment. The Court notes, initially, that Plaintiff's contention is based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), the Doak decision does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak held simply that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work. The Court of Appeals never suggested, however, that a finding of ability to perform light work could only be made if an opinion had clearly stated that the claimant could perform such work.

Moreover, as noted, supra, it is well-established that it is the ALJ who must make the ultimate disability and RFC determinations, not treating or examining physicians or state agency consultants. Chandler, 667 F.3d at 361; see also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (July 2, 1996). Additionally, "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. Further, this general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

In fact, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. § 404.1545. Therefore, the ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR § 404.1546(c). The ALJ is thus not required to rely only on a particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. See 96-5p, 1996 WL 374183, *5. Moreover, although reliance on physicians' opinions is common, "the regulations do not require ALJs to seek outside expert assistance." Chandler, 667 F.3d at 362.

In the present case, as discussed, supra, the Court finds that substantial evidence supports the ALJ's assessment that Plaintiff had the RFC to perform the full range of medium work during the relevant period. (R. 19). The ALJ carefully reviewed Plaintiff's subjective complaints, but, considering his corresponding medical records, found them to be inconsistent with the other evidence in the record. The ALJ also correctly noted Plaintiff's relatively full and independent activities of daily living. (R. 20). The ALJ further explained that the overall objective evidence in the record was simply inconsistent with Plaintiff's disability claims. After discussing the record evidence at length, the ALJ explained that "the record contained very little

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

in the way of objective signs and findings throughout that time, and the subsequent medical evidence, although perhaps more consistent with his testimony regarding current physical restrictions, did not establish that he had significant musculoskeletal pain on or near the date last insured." (R. 21).

The Court thus concludes that the RFC is supported by the overall objective findings of record, Plaintiff's treatment history, Plaintiff's reports of symptoms, and Plaintiff's activities of daily living. The Court further finds that the ALJ thoroughly and carefully addressed the relevant issues in formulating Plaintiff's RFC and, specifically, that the ALJ did not err in considering the opinion evidence of Dr. Getson. The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Getson's opinion evidence and his decision as to the weight he gave to that opinion in making his ultimate determination. As discussed, supra, nothing in the statute, in the regulations, or in the case law requires the existence of a specific outside medical opinion for the ALJ to make the RFC determination that he made in this case. See Chandler, 667 F.3d at 362. Therefore, the Court finds that substantial evidence supports the ALJ's ultimate determination that Plaintiff retains the ability to perform work consistent with his RFC finding.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

In sum, after careful review of the record, the Court finds that substantial evidence supports the ALJ's evaluation of Dr. Getson's opinion and his decision as to the weight given to that opinion in making his ultimate determination regarding Plaintiff's RFC. The ALJ addressed the relevant evidence in the record and he thoroughly discussed the basis for his RFC finding. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's subjective claims. Accordingly, the Court affirms.